UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Adam Whitman,<br><br>            Plaintiff,<br>v.<br><br>Lifewatch Corp.,<br><br>            Defendant. | Civil Action No.: 4:12-cv-03765<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Adam Whitman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1. The Plaintiff, Adam Whitman ("Plaintiff"), is an adult individual residing in Missouri City, Texas.

2. The Defendant, Lifewatch Corp. ("Lifewatch"), is an Illinois business entity with an address of 10255 West Higgins Road, Suite 100, Rosemont, Illinois 60018.

## FACTS

3. On or about September 2012, Defendant began contacting Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

4. Defendant placed as many as two calls daily to Plaintiff's home telephone.

5. Plaintiff has no prior business relationship with Defendant and never gave his consent to be contacted at his home telephone.

6. On several occasions, Plaintiff asked a live representative from Defendant to stop all calls to Plaintiff as Plaintiff did not want their services.

7. Despite such, Defendant continued to hound Plaintiff with Robocalls.

**A.    Plaintiff Suffered Actual Damages**

8. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. Without prior consent the Defendant made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

11.  The foregoing acts and omissions of the Defendant violations of the Telephone Consumer Protection Act, including the above-cited provision.

12.  The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

13.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.  The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

15.  Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

16.  The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff the above-referenced Robocalls.

17.  The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

18.  As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

19.  All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 dollars for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Attorney's costs and fees; and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 31, 2012

                              Respectfully submitted,

                              By:  __/s/ *Jody B. Burton*_____

                              Jody B. Burton, Esq.
                              CT Bar # 422773
                              LEMBERG & ASSOCIATES L.L.C.
                              A Connecticut Law Firm
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424