UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Adam Whitman,<br><br>            Plaintiff,<br><br>v.<br><br>Lifewatch, Inc. a/k/a Lifewatch-USA,<br><br>            Defendant. | Civil Action No.: 4:12-cv-03765<br><br>**FIRST AMENDED COMPLAINT** |

For this First Amended Complaint, the Plaintiff, Adam Whitman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1. The Plaintiff, Adam Whitman ("Plaintiff"), is an adult individual residing in Missouri City, Texas.

2. The Defendant, Lifewatch, Inc. a/k/a Lifewatch-USA ("Lifewatch"), is an New York business entity with an address of 266 Merrick Road, Lynbrook, New York 11563.

## FACTS

3. On or about September 2012, Defendant began contacting Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

4. Defendant placed as many as two calls daily to Plaintiff's home telephone.

5. Plaintiff has no prior business relationship with Defendant and never gave his consent to be contacted at his home telephone.

6. On several occasions, Plaintiff asked a live representative from Defendant to stop all calls to Plaintiff as Plaintiff did not want their services.

7. Despite such, Defendant continued to hound Plaintiff with Robocalls.

**A.    Plaintiff Suffered Actual Damages**

8. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. Without prior consent the Defendant made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

11. The foregoing acts and omissions of the Defendant violations of the Telephone Consumer Protection Act, including the above-cited provision.

12. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

15. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

16. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff the above-referenced Robocalls.

17. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

18. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

19. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 dollars for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Attorney's costs and fees; and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 22, 2013

        Respectfully submitted,

        By: __/s/ Jody B. Burton_____

        Jody B. Burton, Esq.
        CT Bar # 422773
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2013, a true and correct copy of the foregoing First Amended Complaint was filed with the United States District Court for the Southern District of Texas using the CM/ECF system and that the document is available online.

By  /s/*Jody B. Burton*
Jody B. Burton, Esq.