# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|                                              |     |                                   |
| -------------------------------------------- | --- | --------------------------------- |
| Adam Whitman,                                | :   |                                   |
|                                              | :   |                                   |
|                                              | :   | Civil Action No.: 4:12-cv-03765   |
| Plaintiff,                                    | :   |                                   |
| v.                                           | :   |                                   |
|                                              | :   |                                   |
| Lifewatch, Inc. a/k/a Lifewatch-USA,         | :   | **FIRST AMENDED COMPLAINT**       |
|                                              | :   |                                   |
| Defendant.                                   | :   |                                   |
|                                              | :   |                                   |
|                                              | :   |                                   |

For this First Amended Complaint, the Plaintiff, Adam Whitman, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.     This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740 (2012).

3.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

1.     The Plaintiff, Adam Whitman ("Plaintiff"), is an adult individual residing in Missouri City, Texas.

2.     The Defendant, Lifewatch, Inc. a/k/a Lifewatch-USA ("Lifewatch"), is an New York business entity with an address of 266 Merrick Road, Lynbrook, New York 11563.

## FACTS

3.     On or about September 2012, Defendant began contacting Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

4.     Defendant placed as many as two calls daily to Plaintiff's home telephone.

5.     Plaintiff has no prior business relationship with Defendant and never gave his consent to be contacted at his home telephone.

6.     On several occasions, Plaintiff asked a live representative from Defendant to stop all calls to Plaintiff as Plaintiff did not want their services.

7.     Despite such, Defendant continued to hound Plaintiff with Robocalls.

**A.     Plaintiff Suffered Actual Damages**

8.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

9.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.     Without prior consent the Defendant made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

11.     The foregoing acts and omissions of the Defendant violations of the Telephone Consumer Protection Act, including the above-cited provision.

12.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

15.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

16.     The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff the above-referenced Robocalls.

17.     The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

18.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

19.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

3

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the

Defendant:

1.  Statutory damages of $500.00 dollars for each violation, pursuant to 47 U.S.C. §

    227(b)(3)(B) & (C);

2.  Attorney's costs and fees; and

3.  Such other and further relief as may be just and proper.


### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 22, 2013

Respectfully submitted,

By: __/s/ *Jody B. Burton*_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2013, a true and correct copy of the foregoing First

Amended Complaint was filed with the United States District Court for the Southern District of

Texas using the CM/ECF system and that the document is available online.

By  /s/*Jody B. Burton*
Jody B. Burton, Esq.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
## Southern District of Texas

|  |  |  |
|---|---|---|
| Adam Whitman | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:12-cv-03765 |
| | ) | |
| Lifewatch, Inc. a/k/a Lifewatch-USA | ) | |
| *Defendant* | ) | |
| | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendants name and address)*   Lifewatch, Inc. a/k/a Lifewatch-USA
266 Merrick Road
Lynbrook, New York 11563

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jody B. Burton, Esq.
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DAVID J. BRADLEY

*CLERK OF COURT*

Date: 1/24/2013          _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT                                                    Job #: 130166
SOUTHERN DISTRICT OF TEXAS

Attorney: Lemberg & Associates, LLC  Attention:Allison Bernier PH: 203 653 2250
Address: 1100 Summer Street, 3rd Floor Stamford, CT 06905

| | | |
|---|---|---|
| Adam Whitman | | **Index Number:** 4:12 CV 03765 |
| *vs* | *Plaintiff* | **Date Filed:** |
| Lifewatch, Inc. a/k/a Lifewatch-USA | | **Client's File No.:** 7536 001 |
| | *Defendant* | **Court Date:** |

STATE OF NEW YORK, COUNTY OF NEW YORK , SS.:
**Terry Kelly**, being sworn says:                                          **AFFIDAVIT OF SERVICE**

   Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **2/1/2013**, at **9:30 AM** at: **266 Merrick Road, Lynbrook , NY 11563** Deponent served the within **Summons and Complaint**

On: **Lifewatch, Inc a/k/a Lifewatch-USA**,  therein named.

☐ **#1 INDIVIDUAL**
   By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.
☐ **#2 SUITABLE AGE PERSON**
   By delivering thereat a true copy of each to  () a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment  [] dwelling house (usual place of abode) within the state.
☐ **#3 AFFIXING TO DOOR**
   By affixing a true copy of each to the door of said premises which is defendants
   [] actual place of business / employment  [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
   By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☐ **#5 MAILING**
   On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [X] Actual Place of Business,  and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☐ **#6 DESCRIPTION**
   Sex: Female      Color of skin:        Color of hair: Blonde      Glasses: No
   Age: 50   Height: 5'9"          Weight: 140            Other Features:
☐ **#7 MILITARY SERVICE**
   I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.
☐ **#8 WITNESS FEES**
   Subpoena Fee Tendered in the amount of
☐ **#9 OTHER**

FEB 05 2013

Sworn to before me on

*MARYANN KELLY*                                                       _____
MARYANN KELLY
Notary Public, State of New York
No. 01KE5023108                                                                   Terry  Kelly
Qualified in Nassau County
Commission Expires Jan. 31, 2014 *NY SERVER LLC, 218 MAIN STREET #382, EAST SETAUKET, NY 11733*